**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JUAN X. HIGH,

        Plaintiff,

vs.

MICHAEL MANDA, et al.,

        Defendants.

2:17-cv-01579-APG-VCF

**ORDER**

This matter involves *pro se* Plaintiff Juan X. High's civil action against Defendants Michael Manda, Ramiro Renteria, Tamas Lendvai, Jim O'Donnell, Juan Carlos Espinoza, Tricia Griffith, and Michael Sieger. Before the Court are High's Application to Proceed *In Forma Pauperis* (ECF No. 6) and Amended Complaint (ECF No. 5). For the reasons stated below, High's Amended Complaint is dismissed without prejudice.

## I. DISCUSSION

Plaintiff Juan X. High's filings present one question for the Court: whether his complaint states a plausible claim for relief. The Court concludes that it does not.

### A. High's Complaint Fails to State a Plausible Claim

When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984). Generally, the Court liberally construes pro se pleadings and gives pro se plaintiffs the benefit of any doubt during initial review. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if

amending the Complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In determining whether a complaint is frivolous, however, a court is not bound, as it usually is when making a determination based solely on the pleadings, "to accept without question the truth of the plaintiff's allegations." *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (emphasis in original). The Court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *See id.*; *see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir.1990) (holding a complaint submitted *in forma pauperis* "is frivolous if it has no arguable basis in fact or law").

"Federal courts are courts of limited jurisdiction" and possess only the power to adjudicate cases that the Constitution and federal statutes permit. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

Subject matter jurisdiction gives a court jurisdiction over the type of case that a plaintiff brings. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. When a plaintiff states an actionable claim under federal law, district courts have supplemental jurisdiction over all claims in the case that are so related to claims providing original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

In this case, High's Complaint asserts four causes of action, all related to a vehicle accident allegedly caused by a faulty anti-braking system and driver's stability control module in a 2003 BMW 745Li vehicle purchased and driven by High. One of these causes of action arises under federal law, and the remainder arise under various state laws, for which High claims that this Court has supplemental jurisdiction. The Court will address the federal cause of action to determine whether it states a valid claim upon which relief may be granted.

High's federal cause of action is brought under the Magnuson-Moss Warranty Act ("MMWA"). Thus, the MMWA's jurisdictional prerequisites will be examined and tested against High's allegations. The remaining claims arise under Nevada state law. After reviewing High's Complaint and applicable law, the Court finds that the allegations in High's Complaint fail to state an actionable federal claim under the MMWA.

### a. The Magnuson-Moss Warranty Act

High's Complaint alleges that the Defendants' breach of express and implied warranties constitutes a violation of the MMWA. The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the MMWA], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief …." *See* 15 U.S.C. § 2310(d)(1). Federal and state courts have concurrent jurisdiction over MMWA actions (*see id*. at §§ 2310(d)(1)(A) & (B)), but no claim is cognizable by a federal court:

> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

(C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

*Id.* at §§ 2310(d)(3)(A)-(C). The provisions of 15 U.S.C. § 2310(d)(3) are written in the disjunctive; therefore, all three subsections must be satisfied for a federal claim to exist. Thus, like the amount in controversy requirement accompanying diversity jurisdiction, the MMWA carries with it a similar amount in controversy requirement—$50,000.[1]

"To calculate the amount in controversy under [the MMWA] … the party asserting federal jurisdiction must allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle." *See Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003); *see also Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 757 (6th Cir. 2008); *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004). In determining what the amount in controversy may be, courts are to "look no farther than the pleadings," and "[i]f it appears to a legal certainty that the claim cannot meet the statutory threshold [of the MMWA], the suit should be dismissed for lack of jurisdiction." *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (applying "legal certainty test" to MMWA claims).

In this case, the Complaint fails to suggest that High's MMWA-related claim amounts to $50,000 or more. In particular, the Complaint fails to allege the purchase price of the allegedly defective vehicle, or the costs incurred by High in repairs for the vehicle. High has also failed to allege the costs of a

---

[1] The key to resolving any ambiguity arising from the jurisdictional language used in the MMWA is found in the MMWA's clear purpose and scheme of limited federal jurisdiction. That is, the MMWA allows all otherwise-qualifying MMWA actions to be brought in state court, but only a subset of such actions is allowed in federal court, as permitted by 15 U.S.C. § 2310(d)(3). This subset essentially limits federal MMWA actions to those involving either a single MMWA claim with at least $50,000 in controversy or a joinder of MMWA claims (or class action) aggregating damages of at least $50,000–so long as each individual claim is not less than $25.00.

replacement vehicle, the present value of the allegedly defective vehicle, or the value that High received from the allegedly defective vehicle. The Court cannot determine if High's claim, as currently pled, satisfies the MMWA jurisdictional amount in controversy requirement. *See, e.g.*, *Voelker*, 353 F.3d at 521-22 (holding that because no party had submitted the relevant amounts in calculating the amount in controversy requirement of the MMWA, the Court was "in no position to conclude that jurisdiction … existed over the [MMWA] claims"). High's Complaint states that he purchased the "2003 745Li with a cash down payment of $3,000.00 …." *See* ECF No. 5 at 5. But the Complaint also states that Defendant Manda refused to replace the ABS module unless "High paid him the $3,000 balance …." *Id*. at 10. In the "Prayer for Relief" section of the Complaint, High prays that "each defendant pay [High's] Actual Damages at $10,000.00 for the destruction of the car purchased …." *Id*. at 13. High also requests punitive and exemplary damages "in excess of $10,000.00" from "each defendant." *Id*. If the Court construes the amount in controversy based on the purchase price of the vehicle or the "actual damages," it would not meet the $50,000 jurisdictional threshold for the MMWA. The only way High's MMWA claim can meet the $50,000 jurisdictional threshold is to count punitive damages toward the amount in controversy requirement.

No statutory or case authority establishes the availability of punitive damages for the violations of the MMWA. *See generally* 15 U.S.C. § 2301 *et seq*. Indeed, the Ninth Circuit has held that the MMWA itself does not authorize punitive damages. *See Kelly*, 377 F.3d at 1039-40. Notwithstanding this fact, the underlying state law could provide a punitive damages remedy. *Id*. ("State law generally guides courts in determining whether punitive damages are available as a remedy for breach of warranty under the [MMWA]."). The problem facing High is that he cannot meet the MMWA's amount in controversy requirement without the inclusion of his punitive damages claim.

High's Complaint neither addresses nor alleges whether Nevada law would sustain a punitive damages award for breach of warranty. Nev. Rev. Stat. 42.005(1) provides that a litigant may recover punitive damages "in an action for the breach of an obligation not arising from contract" if the litigant can prove by clear and convincing evidence that the defendant engaged in "oppression, fraud or malice, express or implied …." In other words, punitive damages are only available for tort claims in which "oppression, fraud or malice, express or implied" can be proven by clear and convincing evidence. Punitive damages are not available under Nevada law for contract-based causes of action. *See Rd. & Highway Builders, LLC v. N. Nev. Rebar, Inc*., 284 P.3d 377, 383 (2012) (citing *Amoroso Const. v. Lazovich and Lazovich*, 107 Nev. 294, 298, 810 P.2d 775 (1991) (punitive damages are not available for breach of contract claims); *Frank Briscoe Co., Inc. v. County of Clark*, 643 F.Supp. 93, 99-100 (D. Nev. 1986) (contract-based breach of warranty claim cannot support an award of punitive damages); *Desert Salon Servs., Inc. v. KPSS, Inc*., No. 2:12-cv-1886-JCM-CWH, 2013 WL 497599, at *5 (D. Nev. Feb. 6, 2013).[2]

The Court also notes that in a previous Order (ECF No. 3), this Court stated that "it [was] unclear whether High … can satisfy the $50,000 amount in controversy requirement" because High did not "provide the price of the used BMW he purchased" nor "allege the amount[] of [his] medical expenses." *See* ECF No. 3 at 9. High did not heed the Court's warning. Accordingly, because High has not satisfied his burden to allege that his MMWA claim meets the $50,000 jurisdictional threshold, he cannot proceed with a claim under the MMWA in federal court. *See* 15 U.S.C. § 2310(d)(3)(B). This Court does not

---

[2] Additionally, allowing punitive damages to be tacked on to alleged economic damages that are below the amount in controversy "would permit litigants to circumvent the $50,000 threshold requirement of § 2310(d)(3)(B) simply by arbitrarily tacking a substantial sum of punitive damages onto a minimal compensatory damages claim." *See Kelly*, 377 F.3d at 1039-40 ("Because our role is to adjudicate, not legislate, we decline [the appellants'] invitation to write a punitive damages provision into the [MMWA].").

have jurisdiction and the action should be dismissed without prejudice. Because the Court finds that High's Complaint fails to state a viable claim for relief, the Court declines to rule at this time on High's IFP application, and also declines to exercise supplemental jurisdiction over High's state law claims. Under § 1367(c)(3), a district court has discretion "to decline to exercise supplemental jurisdiction over" an action if it "has dismissed all claims over which it has original jurisdiction." *See also O'Connor v. Nevada*, 27 F.3d 357, 362-63 (9th Cir. 1997); *see also Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (holding that a district court has discretion to decline to exercise supplemental jurisdiction over non-federal claims if it has dismissed all claims over which it had original jurisdiction); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("The statute's plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.").

ACCORDINGLY,

IT IS ORDERED that Plaintiff Juan High's Application to Proceed *In Forma Pauperis* (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that High's Amended Complaint (ECF No. 5) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that High may file a Second Amended Complaint asserting a federal cause of action under MMWA if and only if he believes that he can remedy the defects identified above. Failure to timely file a Second Amended Complaint that addresses the defects noted in this Order may result in a recommendation for dismissal with prejudice. High may also include his state law causes of action in the Second Amended Complaint. High's Second Amended Complaint must be filed by Friday, September 15, 2017.

IT IS FURTHER ORDERED that if a Second Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Second Amended Complaint. The Court will issue a screening order on the Second Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see also Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED 18th day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE