# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JUAN X. HIGH, | Case No. 2:17-cv-01579-APG-VCF |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 6) AND AMENDED COMPLAINT (ECF NO. 5) |
| MICHAEL MANDA, *et al.*, | |
| Defendants. | |

On August 18, 2017, the Court declined to rule on Juan High's *in form pauperis* application and dismissed High's amended complaint without prejudice because High's complaint failed to establish that the Court had subject matter jurisdiction over High's claims. (ECF No. 7 at 6-7). High alleged the Court had federal question jurisdiction over his Magnuson-Moss Warranty Act (15 U.S.C. § 2310(d)) claim and supplemental jurisdiction over several related state law claims. (ECF No. 7 at 3). However, High's complaint failed to allege the amount in controversy requirement established in 15 U.S.C. § 2310(d)(3)(B). (ECF No. 7 at 4-6).

The Court gave High until September 15, 2017 to file a second amended complaint and warned that "[f]ailure to timely file a Second Amended Complaint that addresses the defects noted in this Order may result in a recommendation for dismissal with prejudice." (*Id.* at 7). High failed to file a second amended complaint. Because the Court lacks subject matter jurisdiction over this case, the case should be dismissed with prejudice. Fed. R. Civ. P. 12(h)(3); *Cat Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

ACCORDINGLY,

IT IS RECOMMENDED that High's complaint (ECF No. 5) be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that High's application to proceed *in forma pauperis* (ECF No. 6) be DENIED as moot.

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO RECOMMENDED.

DATED this 2nd day of November, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE